**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Schultz, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, LP; third party not at fault Recontrust Company, NA; Doe Mortgage Backed Securities 1-10; Does 1-100,<br><br>Defendants. | No. CV-11-00558-PHX-NVW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion for Remand (Doc. 8), which will be denied for the reasons stated below.

**I.  Background**

This action arises from a dispute regarding Plaintiff's mortgage loan in the amount of $304,200, secured by real property located at 1611 West Mulberry Drive, Phoenix, Arizona 85015. Plaintiff filed her complaint in the Superior Court of Maricopa County, Arizona on March 8, 2011, seeking damages, injunctive and declaratory relief for breach of contract, quiet title, and bad faith (Doc. 1). Plaintiff applied for and obtained a temporary restraining order to prohibit a foreclosure sale of her property from the Superior Court on March 15, 2011 (Doc. 8). On March 25, 2011, Defendants removed the case to this Court on the basis of diversity jurisdiction (Doc. 1). Plaintiff filed the pending motion to remand on April 4,

1  2011 (Doc. 8).

2  **II.     Legal Standard**

3 Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." While there is a "strong presumption" against removal, *see Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992), diversity jurisdiction is not discretionary. *See First State Ins. Co. v. Callan Assoc.*, 113 F.3d 161, 162 (9th Cir. 1997) ("[T]he obligation to exercise jurisdiction is 'virtually unflagging.' "). Diversity jurisdiction exists for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between ... citizens of different States[.]" 28 U.S.C. § 1332(a)(1). Defendants have the burden of establishing that the requirements for diversity jurisdiction have been satisfied. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997) ("Where the complaint does not demand a dollar amount, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds [$75,000]."). Abstention by a federal court that otherwise has jurisdiction over a matter is the "exception rather than the rule." *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148 (9th Cir. 2007) (internal citations omitted).

19 **III.    Analysis**

20 Plaintiff requests that this case be remanded because 1) it involves "state substantive issues of first impression"; 2) the Court lacks subject matter jurisdiction; and 3) the requisite amount in controversy is not met (Doc. 1).

23 **A.     Jurisdiction**

24 Plaintiff argues that this Court lacks subject matter jurisdiction over this matter because (1) Plaintiff did not plead any federal causes of action to support original jurisdiction pursuant to 28 U.S.C. § 1331; and (2) the amount in controversy is not sufficient to support diversity jurisdiction under 28 U.S.C. § 1332(a). Defendants do not claim that Plaintiff has raised any federal claims, but instead assert that this action is properly before the Court based

- 2 -

on diversity jurisdiction. *See* 28 U.S.C. § 1332(a). In their notice of removal, Defendants state that there is complete diversity of citizenship between the parties because Plaintiff is a citizen of Arizona, Defendant Bank of America, N.A. is a citizen of North Carolina, and Defendant ReconTrust Company, N.A. is a citizen of California (Doc. 1). Further, Defendants assert (and Plaintiff has not claimed otherwise) that Plaintiff's property is valued at $128,800 and that her mortgage loan has a current outstanding principal balance of $299,055.16 (Doc. 12).

Plaintiff has not challenged the diversity of the parties. Instead, she claims that the the amount in controversy has not been met because Plaintiff is "seeking an establishment of rights and not necessarily damages[,]" and that she is simply challenging "the validity of the Defendants [*sic*] standing to collect on the debt, if one exists, and/or right to exercise the power of sale of her primary residence because of bifurcation of the note and deed of trust." (Doc. 13.) Plaintiff's contentions here are disingenuous. Her complaint clearly challenges the validity of her loan and in fact explicitly seeks "Rescission of the Contract(s)" as well as compensatory, general and punitive damages (Doc. 1-1 at 72-73). Further, Plaintiff seeks quiet title to the property, which would also require rescission of the promissory note. The Court is thus persuaded that the value of this lawsuit is at least the value of the subject property and, more likely, the value of the loan. Defendants have accordingly met their burden of establishing that the amount in controversy more likely than not exceeds $75,000. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) (noting defendant's burden is to establish it is "more likely than not" that amount in controversy exceeds $75,000). Therefore, the Court has subject matter jurisdiction over this matter based on diversity. 28 U.S.C. § 1332(a).

Plaintiff's additional arguments against this Court's jurisdiction also lack merit. Plaintiff argues that Defendants have failed to establish federal jurisdiction because she has pled only state law, not federal, claims. In so arguing, Plaintiff appears to conflate original jurisdiction with federal question jurisdiction. However, the Court has original jurisdiction over an action where there is either federal question jurisdiction, 28 U.S.C. § 1331, or

- 3 -

diversity jurisdiction, 28 U.S.C. § 1332(a). As discussed above, the Court has original jurisdiction over this action based on diversity jurisdiction.

Further, Plaintiff argues that she has the right to choose the forum for this action and can "avoid federal jurisdiction by relying exclusively on state law." (Doc. 8). However, the case she cites for this proposition concerns a situation where there was neither federal question jurisdiction nor diversity jurisdiction. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 398-99 (1987). There is no authority to support Plaintiff's argument that remand is warranted because Plaintiff's decision to select a state forum "should be given due respect and consideration." (Doc. 8). The Court has original jurisdiction over a properly removed action pursuant to diversity jurisdiction.

Finally, Plaintiff argues that the Court should decline to exercise supplemental jurisdiction over her state law claims (Doc. 8). However, as established above, Defendants properly removed this action pursuant to the Court's diversity jurisdiction. Therefore, the Court has original jurisdiction based on diversity and is not exercising supplemental jurisdiction over Plaintiff's state law claims.

**B.    Abstention**

Plaintiff also argues that the Court should remand this action because Arizona state courts need to rule on issues of first impression concerning foreclosures, which are a state policy problem and of substantial public importance. Plaintiff cites the *Burford* abstention doctrine, *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), the *Younger* abstention doctrine, *Younger v. Harris*, 401 U.S. 37 (1971), and the *Rooker-Feldman* doctrine, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, (1923), *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), to support her argument. Plaintiff has asserted claims for breach of contract, quiet title, and bad faith. Defendants argue, and the Court agrees, that none of Plaintiff's claims are novel issues that require abstention.

**1.    *Burford* Abstention Doctrine**

Under *Burford*, abstention may be appropriate in order to avoid federal intrusion into issues that are of largely local concern and that are within the special competence of state

1    courts. *See New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S.
2    350, 361 (1989). "While *Burford* is concerned with protecting complex state administrative
3    processes from undue federal interference, it does not require abstention whenever there
4    exists such a process, or even in all cases where there is a 'potential for conflict' with state
5    regulatory law or policy." *See Tucker v. First Md. Sav. & Loan, Inc.*, 942 F.2d 1401, 1404-
6    05 (9th Cir. 1991) (quoting *New Orleans Pub. Serv.*, 491 U.S. at 362). In order to limit
7    *Burford*'s application, the following factors are generally required for abstention to apply:
8    "(1) that the state has concentrated suits involving the local issue in a particular court; (2) the
9    federal issues are not easily separable from complicated state law issues with which the state
10   courts may have special competence; and (3) that federal review might disrupt state court
11   efforts to establish a coherent policy." *Id.* at 1405 (citing *Knudsen Corp. v. Nevada State*
12   *Dairy Comm'n*, 676 F.2d 374, 377 (9th Cir. 1982)).

13         Plaintiff has not persuaded the Court that *Burford* abstention is appropriate here. The
14   Court, sitting in diversity, will "apply the substantive law of Arizona . . . [and thus sits] in
15   the same posture as the Arizona state court." *Id.* at 1406. There should accordingly "be no
16   different result in the federal proceedings than would have been achieved in the state court
17   proceeding." *Id.* Further, Arizona does not require that suits brought under Arizona's deed
18   of trust statutes must be filed in any specific court. There is no concern that federal issues
19   are not easily separable from complicated state law issues because there are no federal claims
20   raised in or implicated by Plaintiff's suit, nor do Plaintiff's claims arise out of a complicated
21   state regulatory scheme or challenge any state administrative order or regulation. While
22   Arizona state courts may not have had the opportunity to resolve some of the complicated
23   questions that have arisen in recent years with respect to home mortgage loans transactions,
24   the claims Plaintiff has pled here implicate only the Arizona deed of trust statutes, not
25   complicated state administrative policies or regulatory schemes.[1] For these reasons, this

---

[1] Contrary to Plaintiff's assertions, decisions by other state court evaluating the validity of MERS operations in accordance with their respective state statutes (Doc. 13) do not provide

1 action does not warrant abstention under *Burford*.

## 2. *Younger* Abstention Doctrine

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court established that a federal court generally must abstain from hearing a case that would enjoin or otherwise interfere with ongoing state criminal proceedings. *Younger* can also apply "not only when the pending state proceedings are criminal, but also when certain civil proceedings are pending, if the State's interests in the proceeding are so important that exercise of the federal judicial power would disregard the comity between the States and the National Government." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 (1987). *Younger* abstention is required if four elements are met: (1) state proceedings are ongoing; (2) the state proceedings implicate important state interests; (3) the state proceedings provide the federal litigant an adequate opportunity to raise the federal claims; and (4) the federal proceedings would interfere with the state proceedings in a way that *Younger* disapproves. *See San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1148-49 (9th Cir. 2007).

*Younger* abstention is neither required nor appropriate here. Defendants are pursuing a non-judicial foreclosure of Plaintiff's property; there are no ongoing state proceedings in this matter with which this Court's exercise of jurisdiction would interfere. "Contrary to Plaintiff's assertions, non-judicial foreclosure proceedings, such as the trustee's sale in this action, are not ongoing state court proceedings, and do not fall within the purview of the *Younger* abstention doctrine." *Frame v. Cal-Western Reconveyance Corp.*, No. CV11-0201-PHX-JAT, 2011 WL 1576712, at *4 (D. Ariz Apr. 27, 2011).

## 3. *Rooker-Feldman* Doctrine

The *Rooker-Feldman* doctrine similarly fails to support remand of this action. The *Rooker-Feldman* doctrine prohibits a federal district court from hearing a direct appeal from the final judgment of a state court. *See Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003).

---

28 support for this Court to abstain from hearing this action.

- 6 -

1  However, Plaintiff has not alleged that there is any final state court order or judgment that
2  this suit challenges. Without an earlier state court judgment being challenged, the *Rooker-*
3  *Feldman* doctrine is inapplicable and does not remove this Court's subject matter jurisdiction
4  over this action.
5     IT IS THEREFORE ORDERED that Plaintiff's Motion for Remand (Doc. 8) is
6  denied.
7     DATED this 10th day of May, 2011.

_____
Neil V. Wake
United States District Judge