**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Tamara Schultz, an individual,<br><br>    Plaintiff,<br><br>vs.<br><br>BAC Home Loans Servicing, LP; ReconTrust Company, NA; Bank of New York Mellon, as trustee for CWALT, Inc. Alternative Loan Trust 2007-HY3; and Does 1-100,<br><br>    Defendants. | No. CV-11-00558-PHX-NVW<br><br>**ORDER** |

Before the Court is Defendants BAC Home Loans Servicing LP, ReconTrust Company, N.A., and Bank of New York Mellon, as trustee for CWALT Inc. Alternative Loan Trust 2007-HY3's Motion to Dismiss (Doc. 22), which will be granted for the reasons stated below.

**I.   Background**

This action arises from Plaintiff's loan obligation for real property located at 1611 West Mulberry Drive, Phoenix, Arizona 85015. Plaintiff filed a complaint in the Superior Court of Maricopa County, Arizona on March 8, 2011, seeking damages, injunctive and declaratory relief for breach of contract, quiet title, and bad faith (Doc. 1). On March 15, 2011, the Superior Court granted a temporary restraining order to prohibit a foreclosure sale

1  of her property from the Superior Court on March 15, 2011 (Doc. 8). On March 25, 2011, Defendants removed the case to this Court on the basis of diversity jurisdiction (Doc. 1). Plaintiff filed a motion to remand the case to state court (Doc. 8), which this Court denied (Doc. 16). Plaintiff subsequently filed an amended complaint, which includes causes of action for breach of contract, quiet title under A.R.S. § 12-1101 et seq., bad faith in tort, and violation of A.R.S. § 33-420 (Doc. 18). Defendants filed the pending motion to dismiss on July 5, 2011 (Doc. 22).

**II.    Legal Standard**

On a motion to dismiss under Fed. R. Civ. P. 12(b)(6), all plausible allegations of material fact are assumed to be true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To avoid dismissal, a complaint need contain only "enough facts to state a claim for relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The principle that a court accepts as true all of the allegations in a complaint does not apply to legal conclusions or conclusory factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* To show that the plaintiff is entitled to relief, the complaint must permit the court to infer more than the mere possibility of misconduct. *Id.*

**III.   Analysis**

Because Plaintiff has failed to state any plausible claim for relief, Defendants' motion to dismiss (Doc. 22) will be granted.

**A. Breach of Contract**

Count One of Plaintiff's complaint purports to allege a claim for breach of contract. To state a claim for breach of contract, a plaintiff must allege the existence of a contract between the plaintiff and defendant, a breach of the contract by the defendant, and resulting damage to the plaintiff. *See Clark v. Compania Ganadera de Cananea, S.A.*, 95 Ariz. 90, 94, 387 P.2d 235, 238 (1963). The basis of Plaintiff's contract based claims is that "BAC is seeking to enforce the [deed of trust] without demonstrating that BAC is the lender or even an agent of the lender" (Doc. 23 at 4) and that failures to record various assignments of the note and deed of trust violate Arizona recording statutes. These generalized challenges to the legitimacy of the securitization process, assertions that the failure to record assignments of trust deeds invalidates any underlying note obligations, and other iterations of the "show me the note" theory have repeatedly been rejected in this district. *See, e.g., Silvas v. GMAC Mortgage LLC*, No. CV09-0265-PHX-GMS, 2009 WL 4573234 (D. Ariz. Dec. 1, 2009); *Cervantes v. Countrywide Home Loans, Inc.*, No. CV09-517-PHX-JAT, 2009 WL 3157160 (D. Ariz. Sept. 24, 2009). Plaintiff may not state a claim for breach of contract based on the assertion that parties without an interest in the contract are trying to enforce it or that the purported splitting the promissory note from the deed of trust extinguishes any obligation she had under the note.

The only specific contractual provision which Plaintiff claims BAC Home Loans Servicing breached is paragraph 22 of the deed of trust. Plaintiff claims that this provision allows only the lender to accelerate the note, substitute the trustee, and notice the trustee's sale, and that BAC Home Loans Servicing breached the trust deed by taking these actions when it was not the lender or a valid agent of the lender. (Doc. 23 at 5.) Plaintiff relies on her general objections to MERS, loan securitization, and alleged bifurcation of the note and deed of trust to attempt to subvert the fact that BAC Home Loans Servicing is the lender's servicing agent and is therefore empowered to exercise the authority granted in paragraph 22 of the deed of trust. This argument accordingly fails to state a plausible claim for relief for breach of contract.

Plaintiff's other arguments within her breach of contract claim are similarly unavailing. Although Plaintiff also refers in her complaint to a "pooling and servicing agreement" related to the securitization of her loan, Plaintiff has not alleged that she is a party to this agreement, nor has she shown that any alleged breach of this agreement would in any way impact the authority of Defendants to conduct a trustee sale of Plaintiff's property. Relatedly, Plaintiff claims that because the CWALT, Inc. Alternative Loan Trust 2007-HY3 "closed ninety-nine days before Plaintiff's loan originated" it could not have "validly acquired Plaintiff's loan[,]" (Doc. 23 at 4), and therefore BAC Home Loans Servicing does not have the right to foreclose. This argument is vague and unsupported by any authority. Additionally, although Plaintiff asserts that various "robosigners" were involved with signing documents pertaining to her mortgage, she has provided no facts supporting this claim or why she is accordingly entitled to relief for breach of contract.

Finally, Plaintiff's speculative assertion that BAC Home Loans Servicing may have misapplied her mortgage payments is not enough to state a claim for breach of contract. Plaintiff cites no facts for this proposition; rather, she simply states that BAC Home Loans Servicing has "failed to show a full accounting for the Note" and has not shown that "Plaintiff's payments were actually applied to her Promissory Note[.]" (Doc. 18 at 12.) Plaintiff has pointed to no authority showing she was owed any accounting on the note, nor provided the Court with any evidence that any payments she made were not, in fact, credited to her. For all these reasons, Plaintiff has failed to state a claim for relief in Count One.

**B.    Quiet Title**

In her second cause of action, Plaintiff asserts a claim to quiet title to the subject property. To state a quiet title claim, a plaintiff must allege that she has satisfied her loan obligation and is accordingly entitled to the release of the deed of trust. *See Farrell v. West*, 57 Ariz. 490, 491, 114 P.2d 910, 911 (1941) (noting that where there is "an unsatisfied balance due to a defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [plaintiff] pays off such mortgage lien"). However, Plaintiff has not indicated that she is able or willing to tender the full amount owed on the loan or that she is otherwise

equitably entitled to quiet title relief. This alone causes Plaintiff's claim for quiet title to fail.

Additionally, Plaintiff's arguments regarding standing to enforce the note under the "show me the note" theory, conflicts of interest, and the invalidity of the securitization process, on which she relies in asserting her claim to quiet title, are without merit, as discussed above. These theories do not provide a basis for the Court to grant Plaintiff quiet title to the subject property. Count Two will therefore be dismissed.

**C.  Bad Faith in Tort**

Plaintiff's third cause of action claims that BAC Home Loans Servicing is liable for "bad faith in tort." Plaintiff claims that BAC Home Loans Servicing violated its duties "under the Treasury Guidelines and Servicer Participating Agreement" by refusing to evaluate Plaintiff for a loan modification and failing to disclose the true owner of Plaintiff's promissory note and deed of trust so that Plaintiff could attempt to obtain a loan modification from that party. This claim is best read as a violation of the implied covenant of good faith and fair dealing in contract. However, Plaintiff has not alleged that she is a party to any of the agreements BAC Home Loans Servicing purportedly violated in bad faith. Absent the showing of a contractual relationship, Plaintiff cannot assert a claim for breach of the implied covenant of good faith and fair dealing. *See Rawlings v. Apodaca*, 151 Ariz. 149, 153 726 P.2d 565, 569 (1986) (noting duty of good faith and fair dealing "arises by virtue of a contractual relationship"). Further, Plaintiff has not shown that she was entitled to a loan modification, or entitled to be considered for a loan modification, so as to make denying her such relief or failing to disclose from whom such relief could be sought a tort. To the extent Plaintiff's claim rests on some other theory of liability, Plaintiff has provided no authority to support her claim and failed to articulate a claim with enough specificity to satisfy the federal pleading requirements.

**D.  Violation of A.R.S. § 33-420**

A.R.S. § 33-420 prohibits a party from recording "an interest in, or a lien or encumbrance against, real property" when that party "knows[s] or ha[s] reason to know that the document is forged, groundless, contains a material misstatement or false claim or is

otherwise invalid[.]" Plaintiff alleges that BAC Home Loans Servicing violated A.R.S. § 33-420 because, when the deed of trust was separated from the promissory note, any lien on Plaintiff's property was extinguished. Therefore, Plaintiff argues, BAC Home Loans Servicing had no real interest in any of Plaintiff's loan documents, but nonetheless "falsely identified itself as the beneficiary under the Deed of Trust in the (i) Assignment; (ii) Substitution of Trustee; and (iii) Notice of Trustee's Sale[.]" (Doc. 18 at 17.)

Plaintiff's reliance on the same meritless allegations, rejected above, about the invalidity of the securitization process and any resulting transfers of the deed of trust to support her claim that BAC Home Loans Servicing had no interest in Plaintiff's property and thus wrongly recorded loan documents in violation of A.R.S. § 33-420 are unavailing. Plaintiff has offered no facts to show BAC Home Loans Servicing knowingly recorded false documents in violation of A.R.S. § 33-420. Accordingly, Count Four fails to state a plausible claim for relief.

### E. Declaratory Relief

Finally, Plaintiff asserts that she is entitled to declaratory relief to "resolve the construction or validity of a written contract" under A.R.S. § 12-1832. (Doc. 18 at 17.) To the extent that the Plaintiff's complaint seeks to raise an independent cause of action for declaratory relief, that claim also fails. Declaratory relief is a "remed[y] for underlying causes of action . . . not [a] separate cause[] of action[.]" *Silvas v. GMAC Mortgage, LLC,* No. CV09-0265-PHX-GMS, 2009 WL 4573234, at *6 (D. Ariz. Dec. 1, 2009) (citations omitted). Because Plaintiff has not sufficiently pled a breach of contract claim, she is not entitled to a declaratory judgment regarding the meaning and enforcement of the note and deed of trust. Nor has Plaintiff provided any facts supporting her claim that the Court should declare "the provisions of A.R.S. §§ 47-3301, 47-3304, and 47-3309, apply to her Promissory Note and have not been satisfied." (Doc. 18 at 18.) Accordingly, Plaintiff's claim for declaratory judgment will be dismissed.

### F. Dismissal of ReconTrust

ReconTrust was appointed as substitute trustee on August 30, 2010 (Doc. 18-1).

Actions against a substitute trustee are governed by A.R.S. § 33-807(E), which provides that a trustee "need only be joined as a party in legal actions pertaining to a breach of the trustee's obligation under this chapter or under the deed of trust." Where a trustee is named in an action that does not allege a breach of the trustee's duties, "the trustee is entitled to be immediately dismissed and to recover costs and reasonable attorney fees from the person joining the trustee." A.R.S. § 33–807(E).

Plaintiff alleges that ReconTrust "caused documents to be recorded evidencing an improper lien on Plaintiff's property" when ReconTrust did not know who had the right to enforce Plaintiff's note, and that ReconTrust has "not demonstrated that they were properly appointed as trustee from a valid beneficiary or that they had a complete lender file before causing these documents to be recorded." (Doc. 23 at 3.) However, these speculative assertions are not supported by any facts, nor does Plaintiff provide any legal authority showing ReconTrust was bound by any of these duties. Because Plaintiff's allegations in this regard are simply another reiteration of her general challenges to the securitization process, which have been repeatedly rejected by this Court, and has not alleged a plausible claim that ReconTrust breached any of its trustee's duties, ReconTrust, as substitute trustee, is independently entitled to dismissal of the claims against it pursuant to A.R.S. § 33-807(E).

**IV.     Leave to Amend**

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), the district court has "especially broad" discretion to deny leave to amend where the plaintiff already has had one or more opportunities to amend a complaint. *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "Leave to amend need not be given if a complaint, as amended, is subject to dismissal." *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

Plaintiff has already had the opportunity to file an amended complaint to properly plead any causes of action she has against Defendants. Nonetheless, Plaintiff's First

Amended Complaint still fails to state any plausible claim for relief against any of the Defendants. Because the amended complaint is still subject to dismissal, no further leave to amend will be granted. *See McHenry*, 84 F.3d at 1177 (affirming dismissal with prejudice of prolix, argumentative, and redundant amended complaint that did not comply with Rule 8(a)); *Nevijel v. N. Coast Life Ins. Co.*, 651 F.2d 671, 673-74 (9th Cir. 1981) (affirming dismissal of amended complaint that was "equally as verbose, confusing, and conclusory as the initial complaint"); *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965) (affirming dismissal without leave to amend of second complaint that was "so verbose, confused and redundant that its true substance, if any, [was] well disguised").

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss (Doc. 22) is granted.

IT IS FURTHER ORDERED that the March 15, 2011 temporary restraining order issued by the Maricopa County Superior Court is dissolved.

IT IS FURTHER ORDERED that the Clerk enter judgment dismissing Plaintiff's First Amended Complaint (Doc. 18) with prejudice. The Clerk shall terminate this case.

DATED this 22nd day of August, 2011.

_____
Neil V. Wake
United States District Judge